UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 23, 2020

LETTER TO COUNSEL

   RE: *Bibey v. Saul, Commissioner, Social Security Administration*
      Civil No. 1:19-cv-02690-JMC

Dear Counsel:

  On September 13, 2019, Plaintiff Bibey petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for a period of disability and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for Summary Judgment, and Plaintiff's response. (ECF Nos. 14, 16, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Plaintiff filed his claim on March 29, 2017, alleging an onset date of January 1, 2017. (Tr. 17). His claim was denied initially on May 31, 2017. (Tr. 86–99). A hearing was held on August 15, 2018, before Administrative Law Judge Suzette Knight ("ALJ"). (Tr. 52–87). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17–31). The Appeals Council declined review (Tr. 1–6), and consequently the ALJ's decision constitutes the final, reviewable decision of the SSA.

  In arriving at the decision to deny Plaintiff's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other

work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In the instant case, the ALJ found that during the relevant time frame, Plaintiff suffered from the severe impairments of "attention deficit hyperactivity disorder ("ADHD"), post-traumatic stress disorder ("PTSD"), and obsessive-compulsive personality disorder ("OCPD")."  (Tr. 17). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to performing simple, routine tasks; he can occasionally interact with the public; he is limited to tolerating few changes in a routine work setting; and, in addition to normal breaks, he will be off task five percent of the time in an eight-hour workday.

(Tr. 24).

The ALJ determined that Plaintiff is unable to perform any past relevant work.  (Tr. 29). However, after considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform other jobs existing in significant numbers in the national economy.  (Tr. 29–30).  Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame.  (Tr. 30).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.*  In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).  Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiff makes a single argument on appeal—that the ALJ's decision is not supported by substantial evidence.  (ECF No. 14 at 3).  Specifically, Plaintiff contends the ALJ failed to satisfactorily provide an explanation as to the finding that Plaintiff would be off task five percent of an eight-hour workday. *Id.* at 11.  I agree that the ALJ's opinion is not supported by substantial evidence.  Therefore, I will deny both motions and remand the case for further analysis.  In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff argues that "the ALJ's decision is devoid of any explanation as to how he calculated the specific limitation that Plaintiff 'will be off task five percent of the time in an eight-hour workday.'" (ECF No. 14-1 at 14 (quoting Tr. 24)).  Without a narrative basis indicating how the ALJ reached a five percent limitation (as opposed to any other percentage), Plaintiff suggests

the ALJ's decision frustrates meaningful review and remand is warranted. (ECF No. 14-1 at 14). The Commissioner responds that substantial evidence supports the ALJ's findings and that the ALJ provided an adequate narrative discussion. (ECF No. 16-1 at 9). The Commissioner's briefing stresses that the ALJ need not follow a specific formula and that a minimum level of articulation will suffice for judicial review. (ECF No. 16-1 at 7). Even so, this Court agrees with Plaintiff that the ALJ failed to adequately explain the finding that Plaintiff "will be off task five percent of the time in an eight-hour workday." (Tr. 24).

As a starting point, an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d at 636 (citing SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). This requires that the ALJ "*both* identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

This Court has made clear that while "an ALJ is not required to determine a percentage of time off-task . . . where, as here, the evidence substantiates difficulty with sustained concentration and the ALJ renders a conclusion regarding a precise percentage, the ALJ must explain and support that conclusion with substantial evidence." *Kane v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-cv-01252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018). Indeed, assigning "a precise percentage of time off-task constitute[s] a critical part of the disability determination.[1]" *Id.* at *1; *see also Petry v. Comm'r, Soc. Sec. Admin.*, SAG-16-00464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (requiring specific explanation as to how the ALJ's percentage was calculated, as one percent increase could preclude competitive employment).

In this case, the ALJ explored off task limitations during the hearing, but failed to explain how she ultimately determined that Plaintiff would be off task five percent of an eight-hour workday. The ALJ posed a hypothetical to the VE and requested a "full range" of occupations the hypothetical individual could complete. (Tr. 72). The VE provided one occupation from "medium," "light," and "sedentary" categories. (Tr. 73). The ALJ then asked the VE whether her answer to hypothetical one or two would change if the individual were off task five percent of an eight-hour workday, in addition to normal breaks. *Id.* The VE responded that her answer would not change in either instance. *Id.*

In additional hypotheticals, the ALJ questioned the VE as to the "maximum tolerance for being off task." (Tr. 74). For medium jobs, the VE responded that the permissive time off would "probably be . . . 10% to 12% because you have the opportunity to make up time and there's not strict schedules. Maybe somewhere between 10% and 14% I think is a fair estimate for these particular occupations." *Id.* The VE further opined that the sedentary job would permit approximately 10% off task time while the light job would permit 13% or 14%. (Tr. 75). The VE provided all of this testimony based on her experience. *Id.*

---

[1] "This Court is not in a position to determine, in the first instance, whether [Plaintiff] would be off-task 10%, 15%, 5%, or 13 % of the time." *Kane*, 2018 WL 2739961, at *2.

3

Despite the extensive examination on the issue, only a single sentence in the ALJ's written opinion (other than the RFC determination itself) mentions that Plaintiff is expected to be off task for five percent of an eight-hour working day. After listing activities Plaintiff can complete, the ALJ explained:

> These activities all require [Plaintiff] to follow instructions or procedures, remain on task, work an appropriate pace, and sustain some degree of attention and concentration, suggesting that [Plaintiff] should be able to perform simple, routine, tasks, *though considering his symptoms, he may be off task for five percent of the day*.

(Tr. 27) (emphasis added). This passing mention reiterates the ALJ's ultimate conclusion in the RFC determination—i.e., that Plaintiff would be off task for five percent an eight-hour workday—but lacks the ALJ's calculations, reasoning, or methodology needed to satisfy the narrative discussion requirement. To be sure, the ALJ considered ample amounts of evidence and reached a clear conclusion (Tr. 24–29); however, the decision is immutably flawed in describing *how* the ALJ arrived the five percent limitation based on the evidence presented. Where, as here, the off task calculation has the potential to be work preclusive (i.e., if Plaintiff suffered from a ten or more percent off task limitation), and the ALJ *actually made* a precise off task percentage calculation, the ALJ must explain the basis for such a determination. Absent further clarification, the Court is unable to ascertain how exactly the ALJ determined that Plaintiff would be off task for five percent of an eight-hour workday, as opposed to any other percentage. Accordingly, this Court is unable to declare that the ALJ's decision is supported by substantial evidence.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment (ECF No. 14), is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge